Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 (Popular Name) GAMBLING, RAFFLES AND BINGO AS A LOCAL BALLOT OPTION (Ballot Title) AMENDMENT TO PROVIDE ANYONE OR GROUP THE RIGHT TO INITIATE AND PETITION THE LEGAL VOTERS OF A COUNTY AND CITIES OF THE FIRST CLASS AND CITIES OF THE SECOND CLASS WITHIN THE PROVISIONS OF AMENDMENT 7 OF THE CONSTITUTION OF THE STATE OF ARKANSAS TO ACCEPT OR REJECT BY THE LEGAL VOTERS AS A WHOLLY SEPARATE LOCAL BALLOT OPTION ON THE REGULAR GENERAL ELECTION BALLOT THE OPERATION OF BINGO AS THE RISKING OF MONEY ON A GAME OF CHANCE PLAYED WITH CARDS HAVING NUMBERED SQUARES CORRESPONDING TO NUMBERED BALLS DRAWN AT RANDOM AND WON BY COVERING THE NUMBERS IN ANY SUCH MANNER AS SHALL BE REQUESTED BY THE OPERATOR OF THE GAME AND RAFFLES AS THE RISKING OF MONEY FOR THE DISTRIBUTION OF A PRIZE AMOUNG [SIC] PERSONS WHO HAVE PAID FOR A CHANCE TO OBTAIN A PRIZE AS VOLUNTARY OPTIONS OF OPERATION BY NONPROFIT ORGANIZATIONS; TO PROVIDE AS A WHOLLY SEPARATE LOCAL BALLOT OPTION ON THE REGULAR GENERAL ELECTION BALLOT THE FOR PROFIT BUSINESS OPERATION OF GAMBLING AS THE RISKING OF MONEY BETWEEN TWO OR MORE PERSONS ON A CHANCE, WHERE ONE MUST BE LOSER AND THE OTHER GAINER WITH THE USE OF COMMONLY CALLED GAMING DEVICES AND GAMBLING TO INCLUDE ANY KIND OF ROULETTE WHEEL, SLOT MACHINES OF ANY KIND, GAMING TABLES OF ANY KIND FOR THE USE OF CARDS USED IN ANY MANNER, GAMING TABLES OF ANY KIND FOR THE USE OF DICE USED IN ANY MANNER AS A VOLUNTARY OPTION TO OPERATE ANY ONE OR MORE OR ALL OF THE AFOREMENTIONED GAMING DEVICES AND GAMBLING IN HOTELS, MOTELS, MOTOR LODGES, INNS AND OTHER SIMILIAR [SIC] BUSINESSES WITH NO LESS THAN TEN THOUSAND SQUARE FEET OF ENCLOSED FLOOR SPACE OF WHICH NO MORE THAN TEN PERCENT OF THE OVER ALL ENCLOSED FLOOR SPACE SHALL BE USED AS A SEPARATE AREA FOR GAMBLING WITHIN ANY ONE SINGLE ENCLOSED STRUCTURE; TO PROVIDE AS A WHOLLY SEPARATE LOCAL BALLOT OPTION ON THE REGULAR GENERAL ELECTION BALLOT THE OPERATION OF GAMBLING AS THE RISKING OF MONEY BETWEEN TWO OR MORE PERSONS ON A CHANCE, WHERE ONE MUST BE LOSER AND THE OTHER GAINER WITH THE USE OF COMMONLY CALLED GAMING DEVICES AND GAMBLING TO INCLUDE ANY KIND OF ROULETTE WHEEL, SLOT MACHINES OR ANY KIND, GAMING TABLES OF ANY KIND FOR THE USE OF CARDS USED IN ANY MANNER, GAMING TABLES OF ANY KIND FOR THE USE OF DICE USED IN ANY MANNER AS A VOLUNTARY OPTION TO OPERATE ANY ONE OR MORE OR ALL OF THE AFOREMENTIONED GAMING DEVICES AND GAMBLING ON WATER VESSELS NO LESS THAN ONE HUNDRED FEET IN LENGTH ON NAVIGABLE WATER WAYS AND PUBLIC LAKES; TO PROVIDE AS A WHOLLY SEPARATE LOCAL BALLOT OPTION ON THE REGULAR GENERAL ELECTION BALLOT THE OPERATION OF GAMBLING AS THE RISKING OF MONEY BETWEEN TWO OR MORE PERSONS ON A CHANCE, WHERE ONE MUST BE LOSER AND THE OTHER GAINER WITH THE USE OF COMMONLY CALLED GAMING DEVICES AND GAMBLING TO INCLUDE ANY KIND OF ROULETTE WHEEL, SLOT MACHINES OF ANY KIND, GAMING TABLES OF ANY KIND FOR THE USE OF CARDS USED IN ANY MANNER, GAMING TABLES OF ANY KIND FOR THE USE OF DICE USED IN ANY MANNER AS A VOLUNTARY OPTION OF OPERATE [SIC] ANY ONE OR MORE OR ALL OF THE AFOREMENTIONED GAMING DEVICES AND GAMBLING BY FOR PROFIT BUSINESS OPERATIONS OPERATING PARI-MUTUEL WAGERING; TO PROVIDE A CITY OF THE FIRST AND SECOND CLASS TO INITIATE AND ACCEPT OR REJECT AS A LOCAL BALLOT OPTION ANY OF THE AFOREMENTIONED LOCAL BALLOT OPTIONS WITHOUT THE SAME INITIATED LOCAL BALLOT OPTION BEING INITIATED AND ACCEPTED OR REJECTED BY THE LOCAL VOTERS OF A COUNTY; TO PROVIDE A CITY OF THE FIRST AND SECOND CLASS TO INITIATE AND ACCEPT OR REJECT AS A LOCAL BALLOT OPTION ANY OF THE AFOREMENTIONED LOCAL BALLOT OPTIONS ACCEPTED AS A LOCAL BALLOT OPTION ON THE REGULAR GENERAL BALLOT BY THE LEGAL VOTERS OF A COUNTY; TO PROVIDE A CITY OF THE FIRST AND SECOND CLASS TO INITIATE AND ACCEPT OR REJECT AS A LOCAL BALLOT OPTION ANY OF THE AFOREMENTIONED LOCAL BALLOT OPTIONS HAVING BEEN REJECTED AS A LOCAL BALLOT OPTION ON THE REGULAR GENERAL BALLOT BY THE LEGAL VOTERS OF A COUNTY; TO PROVIDE AN ADDITIONAL TWELVE PERCENT TAX ON THE NET EARNED INCOME OF A FOR PROFIT BUSINESS OPERATION OPERATING ANY ONE OR MORE OF THESE LOCAL BALLOT MEASURES TO BE PAID TO THE STATE, COUNTY AND CITY IF APPLICABLE; TO PROVIDE NO TAX NOR FEES ON THE OPERATION OF ANY ONE OR MORE OF THESE LOCAL BALLOT MEASURES BY A NONPROFIT ORGANIZATION; TO PROVIDE NO NEW TAXES NOR INCREASE ON THE ADDITIONALLY APPLIED NET EARNED INCOME TAX ON THE OPERATION OF ANY ONE OR MORE OF THESE LOCAL BALLOT MEASURES OPERATED BY A FOR PROFIT BUSINESS OPERATION WITHOUT A THREE QUARTER APPROVAL BY BOTH HOUSES OF THE GENERAL ASSEMBLY; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE SEVERABILITY AND TO REPEAL ANY STATUTES AND LAWS IN CONFLICT WITH THIS AMENDMENT
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 (Popular Name) GAMBLING, RAFFLES AND BINGO AS LOCAL BALLOT OPTIONS IN COUNTIES AND CITIES
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROVIDING FOR THE RIGHT TO INITIATE AND PETITION, WITHIN THE PROVISIONS OF AMENDMENT 7 TO THE ARKANSAS CONSTITUTION, THE LEGAL VOTERS OF COUNTIES OR CITIES OF THE FIRST OR SECOND CLASS TO ACCEPT OR REJECT AT THE REGULAR GENERAL ELECTION THE OPERATION OF BINGO AND RAFFLES BY NONPROFIT ORGANIZATIONS; DEFINING BINGO AS THE RISKING OF MONEY ON A GAME OF CHANCE PLAYED WITH CARDS HAVING NUMBERED SQUARES CORRESPONDING TO NUMBERED BALLS DRAWN AT RANDOM AND WON BY COVERING THE NUMBERS IN ANY SUCH MANNER AS SHALL BE REQUESTED BY THE OPERATOR OF THE GAME; DEFINING RAFFLE AS THE RISKING OF MONEY FOR THE DISTRIBUTION OF A PRIZE AMONG PERSONS WHO HAVE PAID FOR A CHANCE TO OBTAIN A PRIZE; PROVIDING FOR THE RIGHT TO INITIATE AS WHOLLY SEPARATE LOCAL BALLOT OPTIONS THE FOR-PROFIT BUSINESS OPERATION OF GAMBLING IN HOTELS, MOTELS AND SIMILAR BUSINESSES WITH NO LESS THAN 10,000 SQUARE FEET OF ENCLOSED FLOOR SPACE (NO MORE THAN 10% OF WHICH MAY BE USED AS A SEPARATE GAMBLING AREA), ON WATER VESSELS NO LESS THAN 100 FEET IN LENGTH (ON NAVIGABLE WATERWAYS AND PUBLIC LAKES), AND BY BUSINESSES OPERATING PARI-MUTUEL WAGERING; DEFINING GAMBLING AS THE RISKING OF MONEY BETWEEN TWO OR MORE PERSONS ON A CHANCE, WHERE ONE MUST BE LOSER AND THE OTHER GAINER WITH THE USE OF COMMONLY CALLED GAMING DEVICES AND GAMES TO INCLUDE ANY KIND OF ROULETTE WHEEL, SLOT MACHINES OF ANY KIND, AND GAMING TABLES OF ANY KIND FOR THE USE OF CARDS OR DICE USED IN ANY MANNER; DEFINING PARI-MUTUEL WAGERING AS THE RISKING OF MONEY ON A BETTING SYSTEM IN WHICH THE WINNERS SHARE THE TOTAL STAKES MINUS A PERCENTAGE FOR MANAGEMENT; PROVIDING THAT THE VOTERS OF A FIRST OR SECOND CLASS CITY MAY INITIATE AND ACCEPT OR REJECT ANY OF THESE LOCAL BALLOT OPTIONS SEPARATE AND APART FROM THE COUNTY, REGARDLESS OF WHETHER THE COUNTY VOTERS HAVE INITIATED AND ACCEPTED OR REJECTED ANY SUCH OPTIONS; SETTING FORTH IN SUBSTANTIAL FORM THE BALLOT FOR THE VARIOUS LOCAL OPTIONS AUTHORIZED BY THE AMENDMENT; IMPOSING AN ADDITIONAL TWELVE PERCENT (12%) TAX ON THE NET EARNED INCOME OF A FOR-PROFIT BUSINESS OPERATING ANY ONE OR MORE OF THESE LOCAL BALLOT OPTIONS, TO BE DIVIDED EQUALLY AMONG THE STATE, COUNTY, AND CITY, IF THE BUSINESS IS LOCATED IN A CITY, AND TO BE DIVIDED ONE-THIRD TO THE STATE AND TWO-THIRDS TO THE COUNTY IF LOCATED OUTSIDE A CITY; PROHIBITING THE LEVY OF ANY TAX OR FEE AGAINST A NONPROFIT ORGANIZATION FOR THE OPERATION OF ANY OF THESE LOCAL BALLOT OPTIONS UPON ACCEPTANCE BY THE LEGAL VOTERS TO OPERATE WITHIN A COUNTY; PROHIBITING THE LEVY OF ANY NEW TAX OR INCREASE IN THE ADDITIONAL INCOME TAX HEREIN AGAINST A FOR-PROFIT BUSINESS FOR THE OPERATION OF ANY OF THESE LOCAL BALLOT OPTIONS WITHOUT A THREE-FOURTHS (3/4) VOTE OF EACH HOUSE OF THE GENERAL ASSEMBLY; MAKING THE AMENDMENT SELF-EXECUTING; DIRECTING THE GENERAL ASSEMBLY AND STATE OR LOCAL RULE MAKING AUTHORITIES TO MAKE ALL FURTHER LAWS AND REGULATIONS FOR ENFORCEMENT OF THE AMENDMENT; AND PROVIDING FOR SEVERABILITY AND GENERAL REPEALER OF CONFLICTING PROVISIONS.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure